UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:21-cv-49-FDW-DCK

| | |
|---|---|
| SYLVIA CORRY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>S.C. JOHNSON & SON, INC., )<br>)<br>Defendant. )<br>) | **ORDER** |

**THIS MATTER** comes before the Court for initial review of the *pro se* Amended Complaint, (Doc. No. 4). The Plaintiff is proceeding *in forma pauperis.* (Doc. No. 3).

**I.   BACKGROUND**

*Pro se* Plaintiff, who lives in Gaston County, North Carolina, filed the Complaint against "S.C. Johnson & Son, Inc.," the manufacturer and distributor of Meyers Clean Day Room Freshener pursuant to diversity jurisdiction. (Doc. No. 1). The Complaint was dismissed on initial review as frivolous and for failure to state a claim upon which relief can be granted and she was given the opportunity to amend. (Doc. No. 3). The Amended Complaint (Doc. No. 4), is now before the Court for initial review.

The Plaintiff purports to assert a products liability action. She alleges that she ran a childcare business, Kids 'R' Home, which the North Carolina Division of Health and Human Services, Division of Child Development and Early Education (the "Division") visited unannounced on October 10, 2019. At that visit, the Division issued a violation and a Visit Summary stating that the Plaintiff "had allowed multiple hazardous substance[s] such as corrosive agents, pesticides, bleaches, detergents, cleanser polishes, [and] aerosol dispenser" that are

1

"harmful and deadly to children." (Doc. No. 4 at 3). The Division posted the Visit Summary on its public website. The Plaintiff requested that the Visit Summary be removed from the Division's website pursuant to a "request to appeal and remove," but the request was denied. (Id.). The Plaintiff alleges that she was never granted an administrative hearing. She then filed a petition for a contested hearing at the Office of Administrative Hearings, but the Division successfully moved to have the petition dismissed. The Division has told the Plaintiff that it will only remove the Visit Summary from the website if she agrees to alternative language that admits wrongdoing. The Plaintiff alleges that the Visit Summary's posting on the Division's website has "presented a situation where potential customers could decline to send their children to Kids 'R' Home" and resulted in emotional distress, lost income, loss of reputation, and affected her livelihood. (Doc. No. 4 at 4).

The Plaintiff appears to assert that, based on advertising for the Meyers Freshener product, she did not believe that it posed any risks to children and is made of natural ingredients. (Id.). she claims that no "personnel" attempted to ascertain whether Meyers Freshener is actually harmful and its "mislabel[ing]" has caused her emotional distress and lost income. (Id.). She claims that, if she had known it was a harmful product, she "would never have left it around the children at [her] daycare." (Id.). She further alleges that she "did follow the manufacturers instruction on the label that the product was 'kept out of reach of children' and not kept in [an] area where it could ignite/sparks/open flames/hot surfaces." (Doc. No. 4 at 5).

The Plaintiff purports to assert claims for failure to warn or inadequate warning or instruction, design defect, negligence, breach of express and implied warranties, and unfair and deceptive trade practices. The Plaintiff seeks an unspecified amount of damages. She has attached various documents to the Amended Complaint addressing the Meyers product's safety

2

information.

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding *in forma pauperis*, the Court must review the Amended Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989); see also Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) ("Legally frivolous claims are based on an 'indisputably meritless legal theory' and include 'claims of infringement of a legal interest which clearly does not exist.'"). A *pro se* complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in the Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

The Amended Complaint is frivolous and fails to state a claim upon which relief can be granted for the same reasons that the Complaint failed to pass initial review. Although the Plaintiff characterizes this as a products liability action, her allegations reveal that her dispute is actually with the Division. It was the Division's treatment of the Meyers product has hazardous, and its posting of the Visit Summary on its website, that allegedly damaged the Plaintiff's reputation and business. The Plaintiff has not identified any injury that she or anyone else has suffered from the Meyers product or Johnson's actions whatsoever. Nor has she stated any product defect, negligence, breach of contract, or false claim regarding the Meyers product. The Plaintiff's dispute

3

appears to be with the Division, and not with any action or inaction by the Defendant. She has failed to state any plausible action against the Defendant whatsoever. Accordingly, the Amended Complaint will be dismissed as frivolous and for failure to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(i)-(ii).

## IV. CONCLUSION

The Amended Complaint is dismissed as frivolous and for failure to state a claim upon which relief can be granted.

**IT IS, THEREFORE, ORDERED** that:

1. The Amended Complaint, (Doc. No. 4), is **DISMISSED** without prejudice as frivolous and for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

2. The Clerk is instructed to close this case.

Signed: May 3, 2021

Frank D. Whitney
United States District Judge