UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:21-cv-00049-FDW-DCK

| | |
|---|---|
| SYLVIA CORRY, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) ) ORDER |
| S.C. JOHNSON & SON, INC., a North Carolina Corporation | ) ) ) |
| Defendant. | ) ) ) |

THIS MATTER is before the Court on Plaintiff Sylvia Corry's *pro se* Motion for Reconsideration (Doc. No. 7). Plaintiff requests the Court reconsider the Order of Dismissal of the Amended Complaint (Doc. No. 5). For the reasons stated herein, Plaintiff's Motion for Reconsideration (Doc. No. 7) is DENIED.

**I. BACKGROUND**

On February 1, 2021, Plaintiff filed a *pro se* Motion to proceed *in forma pauperis*. (Doc. No. 2). On March 16, 2021, the Plaintiff's Motion (Doc. No. 2) was granted but her Complaint was dismissed, without prejudice, as frivolous and for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). Per Haines v. Kerner, the Court liberally construed Plaintiff's *pro se* Complaint in her favor. 404 U.S. 519, 520 (1972). The Court ultimately provided Plaintiff with an additional opportunity to amend her Complaint in accordance with the terms of the Order dismissing the Complaint. See (Doc. No. 3).

On April 15, 2021, Plaintiff filed her *pro se* Amended Complaint. (Doc. No. 4). On May 4, 2021, Plaintiff's Amended Complaint was dismissed as frivolous and for failure to state a claim

upon which relief can be granted yet again. Plaintiff's Amended Complaint (Doc. No. 4) failed once again to state any plausible action against the Defendant and was dismissed for the same reasons. (Doc. No 5).

II.    DISCUSSION

Plaintiff's Motion for Reconsideration, filed on June 7, 2021, is governed by Rule 59(e) of the Federal Rules of Civil Procedure. (Doc. No. 7). Although Rule 59(e) does not provide a standard under which a district court may grant a motion to alter or amend a judgment, the Fourth Circuit has previously recognized that there are three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. Pacific Ins. Co. v. American Nat. Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998) (citing E.E.O.C. v. Lockheed Martin Corp., Aero & Naval Systems, 116 F.3d 110, 112; Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993).

The Federal Rules of Civil Procedure do not specifically contain a "motion for reconsideration." Such motions, however, are allowed in certain limited circumstances. A motion for reconsideration simply to "ask the Court to rethink what the Court had already thought through—rightly or wrongly—is not one of them. See Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D.Va 1983). A motion for reconsideration would be appropriate where:

> "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension ... [or] a controlling or significant change in the law or facts since the submission of the issue to the Court [has occurred]. Such problems rarely arise and the motion to reconsider should be equally rare.

2

Id.

  This Court dismissed Plaintiff's Amended Complaint (Doc. No. 4) for the same reasons the original Complaint (Doc. No. 1) failed to pass initial review—the allegations in the Amended Complaint revealed her dispute is actually with the North Carolina Division of Health and Human Services, Division of Child Development and Early Education (the "Division"). Plaintiff once again asks this Court to allow her to move forward by serving her Complaint on Defendant because there are "allegations in the complaint and/or causes of action that could allow the Plaintiff to be entitled to relief." (Doc. No 7, p. 7). Specifically, Plaintiff argues Defendant is liable under a products liability legal theory. See generally (Doc. No. 4). This Court once again disagrees.

  Plaintiff has failed to demonstrate that the Court's prior judgment (Doc. No. 7) should be amended under Rule 59(e) to accommodate an intervening change in controlling law; or to account for new evidence not available at trial; or to correct a clear error of law or prevent manifest injustice. Plaintiff's grievances are still with the Division *not* the Defendant. The Division made the decision to treat the Ms. Meyers product as hazardous per the Divisions' own standard operating procedures and the Division posted the Visit Summary to its website—which allegedly damaged Plaintiff's reputation and business. (Doc. Nos. 1, 4, 7). Plaintiff has repeatedly failed to demonstrate any action or inaction by the Defendant which gives rise to liability. The Division's decision to define Defendant's product within a category defined as "[c]orrosive agents, pesticides, bleaches, detergents, cleansers, polishes, and products under pressure in an aerosol dispenser and any substance that may be hazardous to a child if ingested" does not expand or assign liability where there was no liability to begin with.

**III.    CONCLUSION**

IT IS THEREFORE ORDERED for the reasons stated above that Plaintiff's Motion for Reconsideration (Doc. No. 7) is DENIED.  The Court respectfully directs the Clerk to CLOSE this case.

IT IS SO ORDERED.

Signed: June 16, 2021

Frank D. Whitney
United States District Judge